IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.                            **CASE NO. 4:19-CR-00566-BSM**

**DARRELL WALLS**                                                                             **DEFENDANT**

## ORDER

Darrell Walls's motion to vacate, set aside, or correct his sentence [Doc. No. 495] is denied.

Walls, who pled guilty to conspiracy to possess with intent to distribute and distribution of fentanyl, argues that his lawyer was ineffective because he failed to: (1) argue that his prior drug convictions do not qualify as serious drug offenses under the Armed Career Criminal Act ("ACCA"); (2) argue that a career offender enhancement was not justified because conspiracy to distribute is not a controlled substance offense; and (3) object to the drug quantity calculation in the presentence investigation report ("PSR"). These arguments are unconvincing because the record does not show that counsel's performance was both deficient and prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). And, it does not appear that the outcome would have been different if counsel had made these arguments. *See Deltoro-Aguilera v. United States*, 625 F.3d 434, 438 (8th Cir. 2010).

This is true because Walls's sentence was based upon the career offender guidelines enhancement and not the ACCA. *See* U.S.S.G. § 4B1.1; Walls PSR ¶¶ 54 & 58 (Walls was at least 18, had two prior controlled substance felonies and was guilty of a controlled

substance offense). Defense counsel's failure to make a meritless argument cannot support Walls's charge of ineffective assistance of counsel. *Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991). Moreover, conspiracy to commit a controlled substance offense is a controlled substance offense. *See United States v. Mendoza-Figueroa*, 65 F.3d 691, 692–94 (8th Cir. 1995) (en banc); *see also United States v. Medearis*, 65 F.4th 981, 986 (8th Cir. 2023); *United States v. Merritt*, 934 F.3d 809, 811 (8th Cir. 2019). Therefore, counsel's failure to argue that it is not, would have been unsuccessful. Finally, defense counsel's performance was not deficient for failing to challenge the base offense level resulting from the quantity of fentanyl, and Walls cannot demonstrate prejudice. When setting forth the basis of the plea in the plea agreement, the government explained that Walls distributed at least 1.2 kilograms of fentanyl. *See* Doc. No. 423 at 4 (base offense level agreement). In signing the plea agreement, Walls stated that he wished to plead guilty to the offense. *See id.* at 11 (acknowledgment of plea). Had counsel challenged the base offense level at sentencing, he would have violated the terms of the plea agreement and contradicted Walls's statements. *See United States v. McHenry*, 849 F.3d 699, 706 (8th Cir. 2017) (allegations that contradict a defendant's statements at change of plea hearing are "inherently unreliable"); *see also* Brown Aff. ¶ 11, Doc. No. 500-1 (Walls did not want to appeal sentence).

There is no need to conduct an evidentiary hearing because the record conclusively shows that Walls is not entitled to relief. *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation omitted). Further, no certificate of appealability is issued because Walls

has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

    IT IS SO ORDERED this 21st day of December, 2023.

                                                */s/ Brian S. Miller*
                                        UNITED STATES DISTRICT JUDGE